**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DARRELL CAIN, | ) | Case No. 1:17 CV 1410 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| METROPOLITAN LIFE INS. CO., et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

This matter is before the Court on the Motion to Dismiss for Failure to State a Claim (Doc. # 10) filed by Defendant, Metropolitan Life Insurance Company ("MetLife"). For the reasons that follow, MetLife's motion is GRANTED for failure to state a claim.

**I.      Factual and Procedural History**

The basic facts underlying MetLife's motion are straightforward and not in dispute. Darrell S. Ross is deceased. During his life Mr. Ross was employed by FirstEnergy Corporation. Doc. # 1-1, ¶ 3. As a benefit of employment, Mr. Ross was issued an insurance policy by MetLife through his employer, FirstEnergy Corp. Doc. # 1-1, ¶ 8. The copy of the FirstEnergy Employee Compensation and Benefits Handbook attached to the Complaint informs employees of their Group Life Insurance Plan rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), the option to file in federal court, and contact information for the Department of Labor for any questions about ERISA rights. Doc. # 1-1, p. 26. Also attached to the Complaint is a beneficiary

1

designation form identifying Laura A. Slivers as the sole beneficiary of Darrell S. Ross's Life Insurance Plan. Doc. #1-1, p. 31. The form appears to have been executed by Darrell S. Ross on April 23, 2007. Doc. #1-1, p. 31. Plaintiff, Darrell Cain, believes he, not Laura A. Slivers, is the intended beneficiary of the policy. Mr. Cain brought suit in Cuyahoga Common Pleas Court seeking a declaratory judgment pursuant to O.R.C. Chapter 2721 establishing his right to the proceeds of the policy. MetLife and FirstEnergy removed the complaint to this Court pursuant to 28 U.S.C. § 1441(b) because the subject matter of the action is an ERISA-regulated employee welfare benefit plan. MetLife now seeks dismissal of this action because ERISA preempts state law remedies for regulated plans. MetLife also seeks dismissal with prejudice for failure to exhaust administrative remedies. Mr. Cain agrees that the FirstEnergy Corporation Group Life Insurance Plan is governed by ERISA. Doc. #11, p. 8.

## II. Legal Standard and Analysis

"Dismissal" pursuant to Fed. R. Civ. P. 12(b)(6) is "appropriate when a plaintiff fails to state a claim upon which relief can be granted." When evaluating a motion to dismiss under the rule a district court assumes the factual allegations in the complaint are true and "'draw[s] all reasonable inferences in favor of the plaintiff.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In so doing, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* "'As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. Pro. 56.'" *In re Fair Finance Co.*, 834 F.3d 651, 656 fn. 1 (6th Cir. 2016) (quoting

*Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

MetLife asserts and Mr. Cain does not meaningfully dispute that the decedent's FirstEnergy Corp. Group Life Insurance Plan meets the definition of a "welfare benefit plan" as set forth in 29 U.S.C. §1002 (1) and § 1003 which provide:

> § 1002 (1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).
> [. . .]
> § 1003. Coverage [. . .] this subchapter shall apply to any employee benefit plan if it is established or maintained – (1) by an employer engaged om commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both.

As such, the plan at issue in this matter is governed by ERISA which was enacted "to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provide for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) quoting 29 U.S.C. § 1001(b). The United States Supreme Court further explains: "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Consequently, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy

3

conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id.*

This is true even where a state law "can arguably be characterized as 'regulating insurance'" if the state law "provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." *Davila*, 542 U.S. at 217-18. Although Mr. Cain acknowledges that ERISA governs the plan at issue, he contends that the Court should proceed with his declaratory judgment action under O.R.C. Chapter 2721 but apply federal law as though the claim were made under ERISA. However, he did not plead and has not sought to amend his pleading to indicate that he has satisfied the ERISA exhaustion of administrative remedies requirement prior to filing suit. *Coomer v. Bethesda Hosp., Inc.,* 370 F.3d 499, 504 (6th Cir. 2004) (citing *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991) "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court."). Thus, were the Court to construe Mr. Cain's stated claim as he wishes, it would remain unavailing. *See Doran v. Joy Global*, 183 F.Supp.3d 891 (E.D. Tenn. 2016). Where, as here, Congress has specified an exclusive avenue for remedy a prayer for relief under an alternate authority is insufficient to state a cause of action and must be dismissed. *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609 (6th Cir. 2013). Accordingly, MetLife's motion to dismiss is GRANTED as to Mr. Cain's failure to state a claim on which relief can be granted.

In addition to seeking dismissal for failure to state a claim, MetLife also seeks dismissal with prejudice for failure to exhaust administrative remedies and cites a number of cases in which such relief was granted upon motions for summary judgment. *See Harris v. Pepsi Bottling Group, Inc.*, 438 F. Supp. 2d 7285 (E.D. Ky. 2006). Having resolved the matter pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court declines to create a new issue for resolution by adding material to the

4

record.  Accordingly, MetLife's motion to dismiss for failure to exhaust administrative remedies is DENIED.

**III.     Conclusion**

For the reasons stated above, MetLife's Motion to Dismiss for Failure to State a Claim is GRANTED.  MetLife's Motion to Dismiss with prejudice for failure to exhaust administrative remedies is DENIED.  The Complaint is DISMISSED in its entirety.

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: March 28, 2018